IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELECTRONIC RECEIPTS DELIVERY SYSTEMS, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>SHAKE SHACK ENTERPRISES, LLC,<br><br>     Defendant. | Civil Action No.  1:19-cv-02949-JG<br><br>JUDGE JAMES GWIN |

**UNOPPOSED MOTION TO SEVER AND STAY
BY DEFENDANT SHAKE SHACK ENTERPRISES, LLC**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ....................................................................................... 1

    A. This Case Is In Its Beginning Stages. ................................................................ 1

    B. ERDS's Claims Are Directed To The Use Of The Square Register By Square's Customer, Defendant IRMG. .............................................. 2

III. LEGAL STANDARD .................................................................................................. 3

IV. ARGUMENT ................................................................................................................ 6

V. CONCLUSION ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Capital Security Systems, Inc. v. NCR Corp.*, 2015 WL 3819336 (N.D. Ga. June 18, 2015) .................................................................................................................. 5, 6, 7

*Card Activation Techs. v. Pier 1 Imports, Inc.*, No. 09-2021, 2009 WL 2956926 (N.D. Ill. Sept. 14, 2009) ........................................................................................ 7

*Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735 (1st Cir. 1977) .......................................... 4, 5, 7

*Delphi Corp. v. Auto. Techs. Int'l, Inc.*, No. 08—CV-11048, 2008 WL 2941116 (E.D. Mich. July 25, 2008) ..................................................................................... 4, 5, 7

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ................................................................ 3

*Heinz Kettler GMBH & Co. v. Indian Indus.*, 575 F. Supp. 2d 728 (E.D. Va. 2008) ................. 5, 6

*In re Nintendo of America, Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) ............................................. 4, 6

*Kahn v. GMC Corp.*, 889 F.2d 1078 (Fed. Cir. 1989) ................................................................... 5

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) ..................................................... 4, 5, 6

*Lincoln Elec. Co. v. Soluciones*, No. 15-1575, 2016 WL 6909072 (N.D. Ohio June 17, 2016) .................................................................................................................. 3

*Long v. CVS Caremark Corp.*, No. 09-1392, 2010 WL 547143 (N.D. Ohio Feb. 11, 2010) ........................................................................................................ 4

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 10-1370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ..................................................................... 3

*Sunscreen Mist Holdings, LLC v. SnappyScreen, Inc. et al.*, C.A. No. 18-20971, D.E. 42 (S.D. Fla. Feb. 11, 2019) ............................................................................ 4, 7

*Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, 2016 WL 6678525 (S.D. Fla. June 8, 2016) ................................................................................................................... 4

*Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, 2016 WL 5076169 (S.D. Fla. Sep. 20, 2016) ....................................................................................................... 5

I. **INTRODUCTION**

Defendant Shake Shack Enterprises, LLC ("Shake Shack") hereby moves for an order severing and staying this patent infringement action under the well-established "customer-suit exception doctrine," pending resolution of the dispute between Plaintiff Electronic Receipt Delivery Systems, LLC ("ERDS") and the developer and distributor of the accused product alleged to be at issue here, Square, Inc. ("Square"). Square moved to intervene in this action to defend the allegations directed at its products and services, which the Court granted on March 20, 2020. Square subsequently lodged its Complaint-in-Intervention with the Court on March 26, 2020 (the "Square Action"). Plaintiff ERDS did not oppose Square's motion to intervene, and similarly does not oppose this Motion to sever and stay Defendant Shake Shack ("Motion").

The Square Action involves the same patent-in-suit and the same accused product as are involved in Plaintiff's Complaint against Shake Shack. Square specifically intervened in the Square Action in order to defend the same claims that Plaintiff ERDS asserted against Shake Shack—namely that the alleged use by Shake Shack of Square Register infringes U.S. Patent No. 8,534,551 (the "'551 Patent").

A stay pending resolution of the Square Action would therefore promote judicial and litigation efficiency, avoid inconsistent results, and would not prejudice Plaintiff ERDS. This is especially true here because ERDS consents to severing and staying this ancillary case against Shake Shack in favor of the Square Action.

II. **FACTUAL BACKGROUND**

A. **The Case Against Shake Shack Is In Its Beginning Stages.**

ERDS filed the Complaint in this case on December 23, 2019 against Shake Shack, alleging infringement of the '551 Patent. ("Complaint," D.I. 1.) Defendant Shake Shack has

until April 17, 2020 to respond to the Complaint. (D.I. 5.) The parties have not filed any other substantive papers, and the Court has not yet set an initial scheduling conference.

### B. ERDS's Claims Are Directed To The Alleged Use Of Square Register By Defendant Shake Shack.

The '551 Patent was filed on February 1, 2011. The '551 Patent generally relates to a "system and method for providing digital receipts for purchase transactions." ('551 Patent at Abstract.) To address the purported "problem with paper receipts . . . that many times . . . are lost or discarded by the purchaser," the '551 Patent proposes the use of a "digital electronic receipt" that "will be stored on the global computer network." ('551 Patent at 2:17–18, 2:32–35; Complaint at ¶¶13-14.)

ERDS alleges in its Complaint that Shake Shack has infringed the '551 Patent by, in particular, "commercializ[ing], inter alia, methods that perform all the steps recited in Claim 1 of the '551 Patent." (Complaint at ¶23.) ERDS specifically identifies the "Shake Shack Register" as the "Accused Product." (Complaint at ¶24.) In its "claim chart comparing the Accused Product to Claim 1 of the '551 Patent," the Complaint clarifies that the identified "Shake Shack Register" system is actually the "Square Register" point-of-sale solution allegedly provided by Square to Shake Shack. (Complaint, Ex. B.) No other accused products are mentioned or identified in the Complaint. Shake Shack is only accused of infringement through its alleged use of Square Register. (*Id.*)

Accordingly, a finding in the Square Action that an alleged use of Square Register, or other related hardware or software from Square, infringes or does not infringe the '551 Patent would apply equally to the claims against Shake Shack. Moreover, any construction of the '551 Patent's claim terms would affect the claims against Shake Shack.

Because any of those findings directly and significantly implicate Square's interests—as the developer and distributor of the accused Square Register—including potentially injuring Square's interests in providing Square Register to its customers, Square intervened in this case by filing a Complaint-in-Intervention that seeks a declaratory judgment that Square Register and Square's other products and services do not infringe any valid claim of the '551 Patent. (D.I. 7.) Plaintiff ERDS consented to Square's intervention and the filing of the Complaint-in-Intervention because Square is the true defendant. ERDS also consents to this Motion, and it is well-recognized that the manufacturer or developer of the accused system is in the best position to defend against claims for patent infringement, and that ancillary suits against mere customers of the accused system should be severed and stayed pending resolution of the manufacturer suit, as shown below.

## III. LEGAL STANDARD

Federal courts "have inherent power to manage their dockets and stay proceedings" and the decision whether to sever and stay rests "with the sound discretion of the Court."[1] In determining whether to sever and stay a patent infringement action, courts typically weigh the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and a trial date has been set.[2]

Under what is commonly known as the "customer-suit exception doctrine," courts often sever and stay patent litigation brought against customers of allegedly infringing products

---

[1] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

[2] *Lincoln Elec. Co. v. Soluciones*, No. 15-1575, 2016 WL 6909072, at *1–2 (N.D. Ohio June 17, 2016); *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 10-1370, 2013 WL 1662952, at *2 (N.D. Ohio Apr. 17, 2013).

pending resolution of claims against the product's manufacturer or supplier.[3] Federal Circuit law controls whether the customer suit exception applies and "the U.S. Court of Appeals for the Federal Circuit has made it clear that staying claims against suppliers is appropriate where 'the issues of infringement and validity are common' to manufacturers and suppliers, such that manufacturers' liability is a predicate to recovery from suppliers."[4]

A severance and stay is appropriate regardless of whether claims were first brought against the customer. In fact, where a "[manufacturer's] liability is predicate to recovery from [customer] defendants, the case against [manufacturer] must proceed first," such that the customer suits are severed and stayed.[5]

This is so because "the 'customer suit' exception [demands that] litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."[6] At the heart of this exception is the recognition

---

[3] *See Long v. CVS Caremark Corp.*, No. 09-1392, 2010 WL 547143, at *4 (N.D. Ohio Feb. 11, 2010) ("Under the customer-suit exception, a later-filed manufacturer declaratory suit takes priority over earlier-filed infringement suits against the manufacturer's customers.").

[4] *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-cv-60693, 2016 WL 6678525, at *4 (S.D. Fla. June 8, 2016).

[5] *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (granting petition for writ of mandamus, vacating district court's order and directing the district court to "sever and stay" the customer suit so the manufacturer suit can be resolved first); *Delphi Corp. v. Auto. Techs. Int'l, Inc.*, No. 08-CV-11048, 2008 WL 2941116, at *5 (E.D. Mich. July 25, 2008) (denying patentee's motion to stay the declaratory judgment suit filed against it by the manufacture of the accused products because the "customer-suit exception gives later-filed manufacturer declaratory suits priority over earlier-filed infringement suits against the manufacturer's customers" and because "the manufacturer is the true defendant") (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990) and *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)); *Sunscreen Mist Holdings, LLC v. SnappyScreen, Inc. et al.*, C.A. No. 18-20971, D.E. 42 at 5 (S.D. Fla. Feb. 11, 2019) (staying claims against manufacturer's customers as "[manufacturer] is the 'true defendant' and the action against [manufacturer] must proceed first").

[6] *Katz*, 909 F.2d at 1464.

that the manufacturer, in reality, is the "true defendant in the customer suit" and as "a simple fact of life . . . must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."[7]

Severing and staying customer actions to allow resolution of Plaintiff's infringement claims against the manufacturer or supplier of the accused product also avoids potentially inconsistent results and promotes litigation efficiency.[8]

## IV. ARGUMENT

Severing and staying the action against Shake Shack is warranted because it would promote judicial economy, would limit the parties' redundant use of time and resources, and would not prejudice ERDS (who consents to this Motion). In particular, because the same accused product and same patent are at issue in the pending Square Action, all of the relevant

---

[7] *Codex*, 553 F.2d at 738; *see also Kahn v. GMC Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("customer suit exception is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse").

[8] *See, e.g.*, *Delphi*, 2008 WL 2941116, at *5 (holding that the previously filed suit against the customers "is piecemeal to the extent that those defendants relied upon Delphi as the source of an allegedly infringing product," because "Delphi as manufacturer controlled the design and production and therefore is in the best position to defend its own products," such that, "[a]s a matter of judicial economy, global settlement is preferred over piecemeal litigation"); *Heinz Kettler GMBH & Co. v. Indian Indus.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008); *Capital Security Systems, Inc. v. NCR Corp.*, 2015 WL 3819336, at *2 (N.D. Ga. June 18, 2015) (ordering patentee's actions against customer to be stayed pending resolution of claims against manufacturer because "[r]ecovery from the customers is dependent upon a resolution of the infringement and validity of the Patents, which is the focus of the litigation between Plaintiff and [manufacturer]."); *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695, 2016 WL 5076169, at *4 (S.D. Fla. Sep. 20, 2016) ("The Court, however, finds that judicial efficiency will be best served by staying this action to avoid imposing litigation burdens on the Customer Defendant where its liability turns on the alleged infringement by [manufacturer], the Customer Defendant does not possess documents or other discoverable materials related to [manufacturer's] alleged infringement, and the Customer Defendant recognizes it will be bound by any court's ruling as to infringement and patent validity.").

factors support severing and staying the claims against Shake Shack while ERDS and Square litigate these issues.

The sole accused product here, Square Register, is also at issue in the Square Action. Square was permitted by this Court to intervene because it is the developer and distributor of the accused Square Register. Therefore, the core issues for Plaintiff's claims against Shake Shack will be decided in the Square Action, and the potential liability of Shake Shack for infringement, according to Plaintiff's Complaint, will rise or fall on the resolution of those issues.

First and foremost, as noted above, Shake Shack has until April 17, 2020 to respond to the Complaint, no discovery has taken place, and no schedule or trial date have been set. As such, this case is in its infancy and severing and staying the claims against Shake Shack would promote judicial economy and limit the parties' use of time and resources by simplifying the issues to be tried or mooting them altogether.[9] Thus, because Square is the "true defendant," the claims against Square should proceed first.[10] This way, a "global" resolution is reached as opposed to "piecemeal litigation."[11]

---

[9] *See In re Nintendo*, 756 F.3d at 1366 (granting petition for writ of mandamus and directing the district court to "sever and stay" the customer suit so the manufacturer suit can be resolved first because "granting this motion would resolve these claims more efficiently and conveniently"); *Katz*, 909 F.2d at 1464 ("Although there may be additional issues involving the defendants in the [customer suit], their prosecution will be advanced if [patentee] is successful on the major premises being litigated in [the manufacturer suit], and may well be mooted if [patentee] is unsuccessful."); *Heinz Kettler*, 575 F. Supp. 2d at 730; *Capital Security*, 2015 WL 3819336, at *2.

[10] *See Delphi Corp. v. Auto. Techs. Int'l, Inc.*, No. 08-CV-11048, 2008 WL 2941116, at *5 (E.D. Mich. July 25, 2008) (denying patentee's motion to stay the later-filed declaratory judgment suit against it by the manufacture of the accused products because the "customer-suit exception gives later-filed manufacturer declaratory suits priority over earlier-filed infringement suits against the manufacturer's customers" and because "the manufacturer is the true defendant"); *Sunscreen Mist*, C.A. No. 18-20971, D.E. 42 at 5 (S.D. Fla. Feb. 11, 2019) (staying claims against manufacturer's customers as "[manufacturer] is the 'true defendant' and the action against [manufacturer] must proceed first").

[11] *Delphi*, 2008 WL 2941116, at *5.

In addition to the facilitation of judicial economy, the customer suit exception promotes the basic principles of judicial fairness because the one who performs the functions of "design and production" is "in the best position to defend its own products."[12]

A stay also will not "unduly prejudice or present a clear tactical disadvantage" to Plaintiff ERDS because ERDS does not dispute that Square is the "true defendant."[13]  According to Plaintiff's allegations, Defendant Shake Shack's liability is dependent on disposition of the exact same issues, concerning the exact same product and patent that are at issue in Square Action.  In fact, Plaintiff ERDS consented to Square's intervention in this action and consents to this Motion.  As such, no party will be prejudiced by severing and staying the ancillary claims against Defendant Shake Shack.

## V.     **CONCLUSION**

For the foregoing reasons, Shake Shack's motion to sever and stay the claims against it should be granted.

---

[12]  *Delphi Corp.*, 2008 WL 2941116, at *5; *see also Card Activation Techs. v. Pier 1 Imports, Inc.*, No. 09-2021, 2009 WL 2956926, at *4 (N.D. Ill. Sept. 14, 2009) ("It is less than efficient and economical to force [patentee] CAT and [manufacturer] CVS to litigate against each other in two jurisdictions when one of the pending cases has at least an even chance of resolving both lawsuits at once.").

[13]  *See Codex Corp.*, 553 F.2d at 738; *Capital Security*, 2015 WL 3819336, at *2.

Dated: April 13, 2020  Respectfully submitted,

By: /s/ Brodie M. Butland
Hugh E. McKay (0023107)
Brodie M. Butland (0084441)
Porter, Wright, Morris & Arthur - Cleveland
950 Main Avenue, Suite 500
Cleveland, OH 44113
Phone: 216-443-9000 ‖ Fax: 216-443-9011
hmckay@porterwright.com
bbutland@porterwright.com

Christopher Kao (*pro hac vice*)
  christopher.kao@pillsburylaw.com
Brock S. Weber (*pro hac vice*)
  brock.weber@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983-1200

*Attorneys for Shake Shack Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, a copy of the foregoing will be served on all parties by operation of this Court's CM/ECF filing system. All other parties will be served by regular U.S. Mail.

/s/ Brodie M. Butland
Attorney for Shake Shack Enterprises, LLC

13280214v1